UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **KINGSLEY ANYANWUTAKU,**<br>　　　Plaintiff,<br><br>　　　v.<br><br>**EDWARD P. WILSON** *et al.*,<br>　　　Defendants. | Civil Action No. 00-2296<br>(CKK/JMF) |

**REPORT AND RECOMMENDATION**

Before me for a Report and Recommendation is <u>Motion of Defendant Edward P. Wilson for Summary Judgment</u> [#55]. For the reasons stated herein, I recommend that the motion be granted.

**Discussion**

There is no genuine issue of material fact as to the following:

1. On or about January 20, 1993, the defendant Edward P. Wilson ("Wilson") entered into a Single Family Home Sales Contract, and an Addendum, to sell the property located at 5418 9th Street, N.W., Washington, D.C. to 5418 9th Street, N.W., Inc., a District of Columbia corporation.

2. A certificate of incorporation was issued by the District of Columbia to 5418 9th Street, N.W., Inc. Plaintiff, Kingsley Anyanwutaku ("Anyanwutaku"), was listed as an incorporator and director in the certificate.

3. On or about April 28, 1993, the defendant Robert J. Cerullo ("Cerullo"), a partner in the law firm of Houlon & Berman, LLC, conducted a real estate closing

               pertaining to the sale of 5418 9th Street N.W. to 5418 9th Street, N.W., Inc.

4. On March 9, 1994, the seller, the defendant Wilson, declared the purchaser in default for failing to comply with the sales contract.

5. From September 19, 1995 until December 15, 1997, Kingsley Anyanwutaku ("Anyanwutaku" or "plaintiff") was incarcerated.

6. The complaint in this case was filed on September 27, 2000.

**Analysis**

The complaint in this case was filed on September 27, 2000. Accordingly, defendant moves for summary judgment on the grounds that the action is barred by the applicable three-year statute of limitations. Alternatively, defendant argues that plaintiff lacks standing to bring this action because a suit for damages arising from an injury to a corporation can only be brought by the corporation itself or as a derivative suit if the corporation fails to act.

Plaintiff, however, insists[1] that he has standing to bring this action because he has amended his complaint to include 5418 9th Street, N.W., Inc. as a plaintiff. However, no such amended complaint appears on the docket. In addition, although plaintiff refers the Court to Exhibit 1 to his pleading, no such amended complaint has been appended. Accordingly, defendant's motion for summary judgment should be granted because plaintiff, as an individual or even as a director or incorporator, has no standing to complain about the injury to the contracting corporation. See Gaff v. FDIC, 814 F.2d 311, 315 (6th Cir. 1987) ("A suit for

---

[1] It should be noted that, on April 4, 2005, Judge Kollar-Kotelly granted plaintiff's motion for extension of time to respond to Wilson's motion for summary judgment even though plaintiff's motion was untimely and plaintiff failed to consult with defense counsel. In that order, Judge Kollar-Kotelly extended the time within which plaintiff could respond to April 22, 2005. Plaintiff did not file his opposition until June 9, 2005. Accordingly, the Court could strike plaintiff's untimely opposition and grant defendant's motion as unopposed.

damages arising from an injury to the corporation can only be brought by the corporation itself or by a shareholder derivatively if the corporation fails to act, since only the corporation has an action for wrongs committed against it.") (internal citation omitted).

As I stated in a previous Report and Recommendation, even if the corporation's cause of action could be somehow converted into a personal cause of action that plaintiff could assert, it is still barred by the statue of limitations. Under District of Columbia law, a cause of action accrues for the purposes of the statute of limitations when the action that causes the injury occurs. Mullin v. Washington Free Weekly, 785 A.2d 296, 298 (D.C. 2001). See also Cevenini v. Archbishop of Washington, 707 A.2d 768, 771 (D.C. 1998) ("This court has repeatedly held that a claim accrues when the plaintiff knows of (1) an injury, (2) its cause, and (3) some evidence of wrongdoing.") (citations omitted). The corporation's loss of the property occurred on March 9, 1994 when the seller declared it in default, meaning that the obligation to transfer title to the corporation had ended, and then indicated that he would sue for possession. The statute began to run on that day and ran for another 18 months until plaintiff was incarcerated. It then resumed running on December 15, 1997 when plaintiff got out of prison. Since plaintiff filed this action on September 27, 2000, there were more than 51 months[2] between the accrual of the action and the filing of the complaint, even if the statute was tolled during his incarceration.

Plaintiff argues that his action is not time-barred because causes of actions arising under

---

2

| | |
|---|---|
| March 9, 1994 (date of accrual) – September 19, 1995 | 18 months |
| September 19, 1995 – December 15, 1997 (period of plaintiff's incarceration) | Assumed tolling of the statute of limitations |
| December 15, 1997 – September 27, 2000 (filing of complaint) | 33 months |
| **TOTAL AMOUNT OF TIME BETWEEN ACCRUAL OF ACTION AND FILING OF COMPLAINT** | 51 months |

sales contracts are subject to a four-year (as opposed to three-year) statute of limitations. But, even if plaintiff were correct and a four-year statute of limitations applied, his action would still be barred because, after discounting the time plaintiff spent in prison, more than four years elapsed between the accrual of the cause of action and the filing of the complaint.

Plaintiff also contends that, under D.C. Code § 12-302, a plaintiff or his representative may bring an action within five years after the disability is removed if the action is based on an instrument under seal. However, plaintiff points to no evidence that the contract was an instrument under seal. Accordingly, plaintiff cannot rely on this statutory provision.

For the reasons I have just stated, I recommend this Court grant Wilson's motion for summary judgment.

**Failure to file timely objections to the findings and recommendations set forth in this report may waive your right of appeal from an order of the District Court adopting such findings and recommendations. See Thomas v. Arn, 474 U.S. 140 (1985).**

JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE

Dated: