## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

KINGLSEY ANYANWUTAKU,

     Plaintiff,

    v.

EDWARD P. WILSON, *et al.*,

     Defendants.

Civil Action No. 00-2296 (CKK/JMF)

## MEMORANDUM OPINION
(April 5, 2006)

On February 10, 2005, Magistrate Judge John M. Facciola issued his [54] Report and Recommendation, in which he recommended that [22] Defendants' Robert J. Cerullo and Houlon & Berman, LLC's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment; Motion for More Definite Statement should be granted. Plaintiff's counsel in the instant case, Emmanuel D. Akpan, was electronically mailed a copy of the Report and Recommendation on the day that it was issued. *See dkt entry* [54], electronic receipt link. On April 5, 2005, the Court issued an [57] Order noting that no objections had been filed to the Report and Recommendation, adopting the Report and Recommendation in full, and granting [22] Defendants' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment.

On September 14, 2005, over five months after the Court entered its Order, Plaintiff (without the aid of his then and presently retained counsel) filed [61] Motion for the Court to Direct the Clerk to File Plaintiff's Amended Complaint and to Allow Plaintiffs an Opportunity to Amend their Opposition to Robert J. Cerullo and Houlon & Berman, LLC's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment; Motion for More Definite Statement.

Plaintiff offers no legal basis under which he is entitled to amend a complaint or opposition against Parties who were already dismissed from the suit over five months earlier.

On September 14, 2005, Plaintiff also filed (again, without the aid of his then and presently retained counsel) [63] Plaintiff's Objection to Magistrate Judge's Report and Recommendation, in which Plaintiff "apologizes to the Court for the late filing of this objection." It should be noted that his Objection was filed over five months after the Court entered its Order adopting the Report and Recommendation, and over seven months after the Report and Recommendation was issued in this case. As Magistrate Judge Facciola noted in his Report and Recommendation, the Parties were entitled to object to his recommendations in a timely fashion, and a failure to do so would constitute a waiver of their right to appeal a ruling by this Court adopting his recommendations. Under Rule 72(a) of the Federal Rules of Civil Procedure and Local Rule 72.3(b), Parties are entitled to file objections to a magistrate judge's order within 10 days after being served with the Report and Recommendation. The Court need not conduct a *de novo* review of those portions of the Report and Recommendation to which no objections were *timely* raised. *See* LcvR 72.3(b); *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In the instant case, objections were not filed with the Court until over seven months after the Report and Recommendation was issued and over five months after the case was terminated as to Defendants Robert J. Cerullo and Houlon & Berman, LLC.

On September 16, 2005, Plaintiff (again, without the aid of his then and presently retained counsel) filed [64] Motion to Vacate Judgment and Order of Dismissal as to Defendant Robert J. Cerullo and Houlon, Berman, Berman, Cerullo, Finci & Levenstein, LLC ("Motion to Vacate"). Plaintiff's Motion to Vacate was filed pursuant to Federal Rule of Civil Procedure 60(b)(1) and

(b)(6).  Specifically, Plaintiff argues that Plaintiff's still-retained counsel is at fault, and that "the order of judgment and dismissal should be vacated pursuant to rule 60(b)(1) under excusable neglect because Plaintiff was unaware of counsel's neglect and under newly discovered evidence-Plaintiff newly discovered that counsel was grossly negligent in his representation including misleading and deception." *Dkt. entry* [64] ¶ 4.  Plaintiff argues that "pursuant to Rule 60(b)(6), Plaintiff seeks that the order of dismissal be vacated because counsel has been grossly negligent, misleading and deceiving Plaintiff in this and other related cases . . . ." *Id.* ¶ 13.  Defendants Cerullo and Houlon & Berman, LLC filed an [65] Opposition to both Plaintiff's Motion to Vacate Judgment and Plaintiff's Motion to Direct Clerk to Amend Complaint on September 26, 2005.  Plaintiff filed a [66] Reply on October 3, 2005, and a [68] Supplement to his Reply on the same date.

Finally, on December 6, 2005, Plaintiff via counsel filed [72] Motion to Vacate Judgment, Set Aside Order of Dismissal, and Permit Plaintiffs to Amend their Opposition to Defendants' Robert J. Cerullo and Houlon Berman, LLC's Motion for Summary Judgment; Motion for More Definite Statement; and Objection to Magistrate Judge's Report and Recommendation filed 2/10/2005.  This Second Motion to Vacate also was filed pursuant to Federal Rule of Civil Procedure 60(b)(1) and (b)(6).  However, neither the legal standard relating to Rule 60(b)(1) and (b)(6) nor facts sufficient to demonstrate why the Court should grant Plaintiff's Second Motion to Vacate are stated in the Motion.  Counsel for Plaintiff also "apologizes to the Court for filing this pleading by this time," claiming that he "never received the relevant orders involved in this matter until September 7, 2005 when Plaintiff brought the said orders to counsel's attention." *Dkt. entry* [72] ¶ 1.  Defendants filed an Opposition to this

Motion on December 8, 2005.  No Reply was filed.

Neither Plaintiff himself nor Plaintiff's counsel have presented relevant arguments under Rule 60(b)(1) or (b)(6) to support vacating the Court's order of dismissal or permitting them to file an objection to the Report and Recommendation after said Report was approved by the Court, thereby dismissing the case against Defendants Robert J. Cerullo and Houlon Berman, LLC.  Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation.

Fed. R. Civ. P. 60(b).  Whether a party should be granted relief under Rule 60(b) is a matter left to the district court's discretion: "[T]he district judge, who is in the best position to discern and assess all the facts, is vested with a large measure of discretion in deciding whether to grant a Rule 60(b) motion, and the district court's grant or denial of relief under Rule 60(b), unless rooted in an error of law, may be reversed only for abuse of discretion." *Computer Professionals for Soc. Responsibility v. United States Secret Serv.*, 72 F.3d 897, 903 (D.C. Cir. 1996) (quoting *Twelve John Does v. District of Columbia*, 841 F.2d 1133, 1138 (D.C. Cir. 1988)).

In making a ruling under Rule 60(b)(1), the D.C. Circuit has determined that a court should take three factors into account: "[W]hether (1) the default was willful; (2) a set-aside

4

would prejudice [the other party], and (3) the alleged [action] is meritorious." *Combs v. Nick Garin Trucking*, 825 F.2d 437, 441 (D.C. Cir. 1987) (citations omitted).  While Rule 60(b)(6) "gives the district judge broad latitude to relieve a party from a judgment," *Richardson v. Nat'l R.R. Passenger Corp.*, 49 F.3d 760, 765 (D.C. Cir. 1995), such latitude "should be only sparingly used," *Good Luck Nursing Home Inc. v. Harris*, 636 F.2d 572, 577 (D.C. Cir. 1980).  Relief under Rule 60(b)(6) is granted in only "extraordinary circumstances," *Ackermann v. United States*, 340 U.S. 193, 199 (1950).  Such extraordinary circumstances may be present "[w]hen a party timely presents a previously undisclosed fact so central to the litigation that it shows the initial judgment to have been manifestly unjust . . . even though the original failure to present that information was inexcusable." *Good Luck Nursing Home*, 636 F.2d at 577.  However, a party that "has not presented known facts helpful to its cause when it had the chance cannot ordinarily avail itself on rule 60(b) after an adverse judgment has been handed down." *Id.*  To obtain relief in such a situation, then, the moving party must demonstrate that its case "is not the ordinary one." *Computer Professionals*, 72 F.3d at 903.

The Court notes that in the instant case, as stated above, the electronic receipt reflects that Plaintiff's counsel was sent a copy of the Report and Recommendation on the date that it was electronically filed on the docket–February 10, 2005.  Furthermore, it is Plaintiff's obligation to monitor the docket.  *Fox v. American Airlines, Inc.*, 389 F.3d 1291, 1294 (D.C. Cir. 2004) ("Regardless whether he received the e-mail notice, he remained obligated to monitor the court's docket.").  In addition to having retained counsel in this case, it should be noted that Plaintiff himself is a sophisticated litigant who is very familiar with the requirement under the local rules that objections to a report and recommendation must be made in a timely fashion, as multiple

report and recommendations have been issued in this case and in a number of other cases brought

before the instant Court by Plaintiff. Finally, the instant Court's minute entry of April 4, 2005,

makes clear that "[i]n the future, all motions must be timely . . . ."

Defendants Robert J. Cerullo and Houlon Berman, LLC. were and are no longer parties to

this action after the Court issued its Order on April 5, 2005–vacating dismissal of the case as to

Defendants would certainly be highly prejudicial. Considering the statute of limitations

problems with Plaintiff's action against said Defendants as articulated in the Report and

Recommendation, which is unrebuked in any of Plaintiff's various motions, the Court concludes

that the merits of the case (or lack thereof) do not provide a proper basis to support relief under

Rule 60(b). Finally, the circumstances in the instant case, namely Plaintiff's (and Plaintiff's

counsel's) failure to monitor the docket, certainly do not constitute "extraordinary

circumstances."

While Plaintiff, in his First Motion to Vacate, cites to two cases in support of his

argument that the dismissal should be vacated pursuant to Rule 60(b)(6), both cases are readily

distinguishable from the instant action. In *United States v. Moradi,* F.2d 725 (4th Cir. 1982), in

which the Fourth Circuit reversed and remanded the district court's entry of a default judgment

against the defendant in that case, no assessment of the merits of the claim against the defendant

in that case had yet occurred. In the instant action, to the contrary, the Report and

Recommendation includes an assessment of Plaintiff's claims as lacking merit. Furthermore,

Mr. Anyanwutaku's status as Plaintiff in the instant case distinguishes his situation from that of

the defendant against whom a default judgment was entered in *Moradi*; while Plaintiff's claims

have been dismissed in the instant action, this outcome is not akin to having a judgment of civil

liability issued against him, as was the case in *Moradi*.  Finally, the Fourth Circuit in *Moradi* states that "justice also demands that a *blameless party* not be disadvantaged by the errors or neglect of his attorney which cause a final, involuntary termination of proceedings." *Id.* at 728 (emphasis added).  As noted above, Plaintiff in the instant action cannot be called a "blameless party" with respect to the failure to timely object to the Report and Recommendation issued in this case, as Plaintiff himself is a repeat player many times over before this Court who is very familiar with the requirement under the local rules that objections to a report and recommendation must be made in a timely fashion.  Also, according to the Second Motion to Vacate filed by Plaintiff's counsel, Plaintiff was out of the country for substantial periods of time (which Plaintiff himself notes many times in his many filings) between counsel's being retained in October 2003 and May 2005, such that Plaintiff did not provide counsel with "pertinent information" related to his case. *Dkt. entry* [72] ¶ 5.  Finally, Plaintiff himself admits that he is aware of his own counsel's alleged shortcomings, but is "stuck" with his counsel because "[h]e is the only one that Plaintiff could find that could accept these cases." *Dkt. entry* [63] ¶ 17.  The case of *Jackson v. Washington Monthly Co.*, 569 F.2d 119, 122 (D.C. Cir. 1977) can likewise be distinguished on the grounds that the vacated and remanded district court's *sua sponte* dismissal of the plaintiff's case in that action occurred before the lawsuit was ever considered on the merits. *See id.* at 123 ("Trial-court dismissal of a lawsuit never heard on its merits is a drastic step, normally to be taken only after unfruitful resort to lesser sanctions."). *Jackson* likewise is premised on the "blameless litigant" principle, which does not apply in this case. *See id*.

For the aforementioned reasons, the Court shall DENY Plaintiff's [61] Motion for the Court to Direct the Clerk to File Plaintiff's Amended Complaint and to Allow Plaintiffs an

Opportunity to Amend their Opposition to Robert J. Cerullo and Houlon & Berman, LLC's

Motion to Dismiss or, in the Alternative, Motion for Summary Judgment; Motion for More

Definite Statement; DENY Plaintiff's [64] Motion to Vacate Judgment and Order of Dismissal as

to Defendant Robert J. Cerullo and Houlon, Berman, Berman, Cerullo, Finci & Levenstein, LLC;

and DENY Plaintiff's [72] Motion to Vacate Judgment, Set Aside Order of Dismissal, and

Permit Plaintiffs to Amend their Opposition to Defendants' Robert J. Cerullo and Houlon

Berman, LLC's Motion for Summary Judgment; Motion for More Definite Statement; and

Objection to Magistrate Judge's Report and Recommendation filed 2/10/2005.  An Order

accompanies this Memorandum Opinion.


Date: April 5, 2006


                        _____/s/_____
                        COLLEEN KOLLAR-KOTELLY
                        United States District Judge